Todd C. Harshman (SBN 240942)
GROTEFELD HOFFMANN
655 Montgomery Street, Suite 1220
San Francisco, California 94111
tharshman@ghlaw-llp.com
Telephone: 415.344.9670
Facsimile:  415.989.2802

David D. Lin (to be admitted *pro hac vice*)
Roberto Ledesma (to be admitted *pro hac vice*)
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY  11201
david@iLawco.com
roberto@iLawco.com
Telephone: 718.243.9323
Facsimile:  718.243.9326

Attorneys for Plaintiffs
MICHAEL TIERRA
EAST WEST SCHOOL OF PLANETARY HERBOLOGY

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL TIERRA, an individual; EAST WEST SCHOOL OF PLANETARY HERBOLOGY,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>JADE SHUTES, an individual; EWSHAS LLC,<br><br>　　　　　Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs DR. MICHAEL TIERRA, O.M.D. and EAST WEST SCHOOL OF PLANETARY HERBOLOGY (together "Tierra" or "Plaintiffs"), by their attorneys, for their complaint against Defendants JADE SHUTES and EWSHAS LLC, allege as follows:

///

1

**Subject Matter Jurisdiction and Venue**

1. This is an action for trademark infringement under the Lanham Act and common law; unfair competition and related causes of action arising from Defendants' infringing and improper use of Plaintiffs' protected trademark. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim and the threatened and actual harm to Plaintiffs occurred in this District by reason of Defendants' conduct as alleged below.

**Parties and Personal Jurisdiction**

4. MICHAEL TIERRA is a California resident, and EAST WEST SCHOOL OF PLANETARY HERBOLOGY is a California corporation; both with an address at 10210 California Drive, Ben Lomond, California 95005. Plaintiff MICHAEL TIERRA is founder and President of Plaintiff EAST WEST SCHOOL OF PLANETARY HERBOLOGY.

5. Upon information and belief, Defendant JADE SHUTES ("Shutes") is an individual residing in North Carolina with an address at 917 Sesame Road, Chapel Hill, North Carolina 27516.

6. Upon information and belief, Defendant EWSHAS LLC ("EWSHAS") is a North Carolina limited liability company with a principal place of business at 917 Sesame Road, Chapel Hill, North Carolina 27516.

7. Upon information and belief, Defendant Shutes is the founder of EWSHAS and its member or agent.

8. Defendants are subject to the jurisdiction of this Court by virtue of having transacted significant business in this judicial district related to the causes of action presented.

**Background**

9.   Plaintiff Dr. Michael Tierra, O.M.D. is a renowned herbalist and clinician, recognized for his role in the rebirth of herbalism in the United States. Tierra founded the *American Herbalist Guild* and is the author of several books and treatise on health and herbal healing, including *The Way of Herbs*, *The Natural Remedy Bible*, *The Way of Chinese Herbs*, *Planetary Herbology*, *Chinese Traditional Herbal Medicine*, *Vol. 1 & 2 Biomagnetic and Herbal Therapy*, and *The East West Course of Herbology.*

10. In 1980, thirty-six years ago, Tierra founded the EAST WEST SCHOOL OF PLANETARY HERBOLOGY [TM], a highly regarded residency and distance-learning herbal program, to offer a range of correspondence courses, in-house seminars, clinics, and certification programs to herbalists, health professionals, and clinical herbal practitioners throughout the U.S. and anywhere in the world.

11. In the 1990's, Tierra's EAST WEST SCHOOL OF PLANETARY HERBOLOGY[TM] was one of the first schools to develop a website for herbal training with online learning options.

12. Tierra is the owner of a United States federal trademark registration for the mark EAST WEST HERB COURSE® (Reg. No. 4287626) in Class 41 for "Arrangement of training courses in teaching institutes; Arranging professional workshop and training courses; Educational course monitoring, namely, tracking student performance; Educational services, namely, conducting courses in the field of herbology; Educational services, namely, conducting courses in the field of herbology and distribution of course material in connection therewith; Educational services, namely, providing continuing professional education courses in the field of herbology; Providing on-line training courses in the field of herbology; Teaching, training, tutoring and courses of instruction at the undergraduate, graduate and post-graduate level." Tierra is also the owner of a pending U.S. federal trademark application for the mark EAST WEST SCHOOL OF PLANETARY HERBOLOGY [TM] covering "Arrangement of training courses in teaching institutes; Arranging professional workshop and training courses; Educational services, namely, conducting herb studies in the field of herbology; Educational services, namely, conducting herb studies in the field of herbology and distribution of course material in connection therewith;

Educational services, namely, providing continuing professional education courses in the field of herbology; Providing on-line training herb studies in the field of herbology; Teaching, training, tutoring and courses of instruction at the undergraduate, graduate and post-graduate level" in Class 41 (the EAST WEST SCHOOL OF PLANETARY HERBOLOGY ™ and EAST WEST HERB COURSE® trademarks are collectively referred to as the "EAST WEST Marks").

13. Tierra has also made common law use of the EAST WEST Marks in connection with herbal and plant-based medicinal education services in the United States and has been offering such services continuously and substantially exclusively under the EAST WEST Marks in the United States since at least as early as 1980.

14. Since launching in 1980, Tierra has had gross revenues in the millions of dollars, and has spent hundreds of thousands of dollars on advertising and marketing services under the EAST WEST Marks.

15. Tierra offers services under the EAST WEST Marks all over the United States and the world, such that herbologists and those in the herbology field have come to associate the EAST WEST Marks with Plaintiffs. Tierra has over 9,000 students worldwide.

16. Many students of Tierra's EAST WEST SCHOOL OF PLANETARY HERBOLOGY ™ and EAST WEST HERB COURSE® are leading herbalists in the field today, practicing professionally, writing books, teaching, hosting radio shows, creating products, maintaining quality assurance, and developing other aspects of herbal medicine.

17. Tierra has been invited to hundreds of industry events as either a speaker or teacher, during which the EAST WEST Marks were featured.

18. Since May 1997, Tierra has continuously operated the web site located at <PlanetHerbs.com> (the "East West Site"), which prominently features the EAST WEST Marks and receives traffic from all over the U.S. and world. Tierra also advertises and has advertised in trade magazines and publications as well as journals and directories.

19. As a result of the foregoing activities, Plaintiffs' EAST WEST Marks have developed a strong reputation and the EAST WEST Marks have become well-known and acquired secondary meaning through widespread, lengthy, and continuous use in commerce.

**The Defendants and Their Wrongful Conduct**

20. Defendants run a competing business called THE EAST-WEST SCHOOL FOR HERBAL AND AROMATIC STUDIES (the "EWSHAS Mark"). Defendants formed EWSHAS, LLC on April 26, 2014, thirty-four years after Plaintiff introduced his EAST WEST SCHOOL OF PLANETARY HERBOLOGY.

21. EWSHAS states on its website located at <theida.com> that it was previously named the *Institute of Dynamic Aromatherapy* (IDA) and then "In 2003, the IDA changed its name to: *The East-West School for Herbal and Aromatic Studies* in order to acknowledge the growing interest in both herbal and aromatic remedies and our love for the healing philosophies of the east and the west."

22. On or about the year 2013, Tierra became aware that Defendants had launched a competing business and school under the EWSHAS Mark. Tierra contacted Defendants and expressed concerns over Defendants' use of identical wording EAST WEST SCHOOL for identical services. Tierra further asked Defendants to change their name. Upon information and belief, Defendants informed Tierra that the EWSHAS Mark would not be used for herb courses despite the word "Herbal" appearing in the EWSHAS Mark.

23. On November 11, 2015, Plaintiffs sent Defendants a cease and desist letter demanding that the infringing uses stop and the EWSHAS Mark be changed to remove any confusing similarity.

24. In email correspondence dated November 11, 2015, Shutes sent a response indicating that the EWSHAS Mark would be changed to remove the word "Herbal" by the end of the year 2015. To date, Shutes has not changed the EWSHAS Mark.

25. On January 21, 2016, Tierra sent a follow up letter to Shutes regarding changes to the EWSHAS Mark and EWSHAS website and to inform Shutes of reported instances of actual consumer confusion in the marketplace. Tierra further demanded that the Defendants cease confusing use of the identical phrase EAST WEST SCHOOL.

26. To date, Defendants have not responded to Tierra's January 21, 2016 letter, necessitating the filing of the instant Complaint.

27. Defendants are not authorized to use the EAST WEST Marks, any colorable imitations thereof, any marks substantially indistinguishable from those marks, or any marks confusingly or substantially similar thereto, to identify Defendants' education services or any other goods or services.

28. Upon information and belief, on or about January 2011, Defendant Jade Shutes enrolled in Tierra's East West School.

29. Upon information and belief, Plaintiffs allege that at all relevant times, Defendants were aware of Plaintiffs' proprietary interest in the EAST WEST Marks and Defendants' acts constitute willful trademark infringement under the Lanham Act.

## FIRST CAUSE OF ACTION

**[Trademark Infringement Under the Lanham Act and Common Law]**

30. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 29 as though fully set forth here.

31. Defendants have used in commerce, without Plaintiffs' consent, a mark that so resembles Plaintiffs' marks that it is likely to cause confusion with respect to the source and origin of Defendants' services and business and is likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or association of Plaintiffs with Defendants and/or the marketing or sale of its products and services.

32. Defendants' acts constitute an infringement of Plaintiffs' EAST WEST Marks, in violation of the Lanham Act, 15 U.S.C. § 1114, and the common law.

33. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer and/or are likely to suffer damage to their business reputation and goodwill. Defendants will continue, unless restrained, to use marks confusingly similar to Plaintiffs' EAST WEST Marks and will cause irreparable damage to Plaintiffs. Plaintiffs have no adequate remedy at law. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement. Such harm will continue and increase until

1  Defendants are preliminarily and permanently enjoined from their unlawful conduct.

2      34. Plaintiffs are further entitled to recover from Defendants the actual damages that they
3  sustained and/or are likely to sustain as a result of Defendants' wrongful acts. Plaintiffs are
4  presently unable to ascertain the full extent of the monetary damages that they have suffered
5  and/or are likely to suffer by reason of Defendants' acts of trademark infringement.

6      35. Plaintiffs are further entitled to recover from Defendants the gains, profits, and
7  advantages that Defendants have obtained as a result of their wrongful acts. Plaintiffs are
8  presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants
9  have realized by reason of their acts of trademark infringement.

10      36. Because of the willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an
11  award of damages under 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION

**[Federal Unfair Competition and False Designation of Origin 15 U.S.C. § 1125(a)]**

15      37. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 36 as though fully
16  set forth here.

17      38. Defendants have deliberately and willfully attempted to trade on Tierra's long-standing
18  and hard-earned goodwill in his name and marks and the reputation established by Tierra in
19  connection with his products and services, as well as in order to confuse consumers as to the
20  origin and sponsorship of Defendants' services and to pass off their products and services in
21  commerce as those of Plaintiffs.

22      39. Defendants' unauthorized and tortious conduct has also deprived and will continue to
23  deprive Plaintiffs of the ability to control the consumer perception of their products and services
24  offered under the EAST WEST Marks, placing the valuable reputation and goodwill of Plaintiffs
25  in the hands of Defendants.

26      40. Defendants' conduct is likely to cause confusion, mistake, or deception as to the
27  affiliation, connection, or association of Defendants and their East West School with Plaintiffs'
28  East West School, and as to the origin, sponsorship or approval of Defendants and their products

1  and services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

2      41. Because of the willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an
3  award of damages under 15 U.S.C. § 1117.

4      42. As a result of Defendants' aforesaid conduct, Plaintiffs have suffered commercial
5  damage, as well as the continuing loss of the goodwill and reputation established by Plaintiffs in
6  their marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes
7  irreparable harm and an injury for which Plaintiffs have no adequate remedy at law. Plaintiffs
8  will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### THIRD CAUSE OF ACTION

**[Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and the Common Law]**

12      43. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 42 as though fully
13  set forth here.

14      44. Cal. Bus. & Prof. Code § 17200, et seq., states that unfair competition shall mean and
15  include any "unlawful, unfair or fraudulent business act or practice."

16      45. Defendants' actions as alleged herein constitute unlawful business acts and/or practices
17  under Cal. Bus. & Prof. Code § 17200, et seq. and the common law.

18      46. Defendants' conduct constitutes unfair business acts and/or practices because Defendants
19  have unfairly used and infringed Plaintiffs' EAST WEST Marks pursuant to the Lanham Act
20  while engaging in a business practice.

21      47. Defendants' conduct constitutes fraudulent business acts and practices because
22  Defendants have deceptively and unfairly marketed, advertised, sold, and/or distributed
23  products/services under marks that are confusingly similar to Plaintiffs' EAST WEST Marks.

24      48. Plaintiffs have been damaged by the acts of Defendants in an amount currently unknown.
25  ///
26  ///
27  ///
28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants awarding Plaintiffs:

1. Disgorgement of Defendants' profits in an amount to be determined at trial due to Defendants' acts of trademark infringement under the Lanham Act, 15. U.S.C. § 1125(a);
2. Treble damages for willful infringement;
3. A Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using Plaintiffs' EAST WEST Marks;
4. Attorney's fees and costs; and
5. Such other relief as the Court deems just and equitable under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a jury trial on all issues raised in this complaint.

Dated: March 28, 2016                                    GROTEFELD HOFFMANN

                                                                         */s/ Todd Harshman*
                                                                         Attorneys for Plaintiffs

COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION